```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 JOSHUA EARL ROSTON,

                        Plaintiff,            MEMORANDUM & ORDER
                                               21-cv-1298(EK)(JMW)
        -against-

 NASSAU COUNTY CORRECTIONAL OFFICERS,
  et al.,

                        Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Wicks's *sua sponte* Report and Recommendation (R&R) dated April 3, 2024. ECF No. 80. Judge Wicks recommends that the Court dismiss plaintiff Roston's case against the Nassau County Correctional Officers, Nassau County Medical Staff, Nassau County Correctional Facility, and Sherriff James Dzurenda for failure to prosecute under Federal Rule of Civil Procedure 41(b). Roston objected. ECF No. 82. The Court adopts the R&R in full.

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.

2014).¹  The Court must "weigh five factors" including the duration of noncompliance, whether plaintiff was on notice, prejudice to the defendants, balancing docket management with providing plaintiff a change to be heard, and efficacy of other sanctions.  *Id.*  Judge Wicks comprehensively discussed each factor.  R&R 4-7.  In brief, he reasoned that dismissal for failure to prosecute was warranted because "[s]ince the commencement of the action almost over three years ago, Plaintiff has failed to appear for not less than five court conferences and has failed to comply with several Court orders."  *Id.* at 2.

      Roston has objected.  *See* Roston Obj. 3, ECF No. 82.  A court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).  All other portions of the R&R are reviewed for only clear error.

      As a preliminary matter, we note that plaintiff's objection was submitted by his uncle, ostensibly under power of attorney.  *See* Roston Obj. 3-7.  "Both federal and New York law prohibits the practice of law . . . by a person who is not an

---

¹ Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

admitted member of the Bar, regardless of the authority purportedly conferred by execution of a power of attorney." *Snyder v. Perry*, No. 14-CV-2090, 2015 WL 1262591, at *5 (E.D.N.Y. Mar. 18, 2015); *Linder v. City of New York*, No. 18-CV-8573, 2018 WL 11296874, at *1 (S.D.N.Y. Oct. 1, 2018) (collecting cases). Accordingly, Roston's objection is not properly before the Court, and the Court need review only for clear error.

But even considering the objection *de novo*, the Court would still adopt the R&R in full. Roston argues that the officers at Elmira Correctional Facility kept him from attending the conference before Judge Wicks on March 29, 2024. Roston Obj. 3. But Judge Wicks' recommendation is based on a broader course of non-compliance. *See* R&R 3-4. And Roston does not object to the R&R's other factual findings — including that he missed four other conferences and failed to comply with discovery orders or complete his deposition — or argue that Judge Wicks made a legal error. Thus, Roston's narrow objection does not change the overall analysis.

The Court adopts Judge Wicks's R&R in full. Roston's case is dismissed. The Clerk of Court is respectfully directed

3

to mail a copy of this order to the *pro se* plaintiff and terminate the case.

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    September 30, 2025
            Brooklyn, New York